IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| PHILLIP GAY, #109431, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-CV-164-WHA |
| | ) | |
| RALPH HOOKS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause of action is before the court on an amended 28 U.S.C. § 2254 petition for

habeas corpus relief filed by Phillip Gay ["Gay"], a state inmate, on March 9, 2007.  Gay

is currently incarcerated on a sentence of life without parole imposed upon him in March

of 1988 by the Circuit Court of Coffee County, Alabama for first degree robbery.[1]  At the

time of his 1988 conviction, Gay had three prior felony convictions.  Thus, the law in

effect at such time required the trial court to impose a sentence of life without parole upon

Gay, with the sentencing judge permitted no discretion.  *Ala. Code* (1975), § 13A-5-

9(c)(3).[2]

The Alabama legislature subsequently amended § 13A-5-9, such that

---

[1]Under Alabama law, "[r]obbery in the first degree is a Class A felony." *Ala. Code* (1975), § 13A-8-41(c).

[2]This code section provided that: "In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed ... a Class A felony, he must be punished by imprisonment for life without parole."

trial judges were granted authority to retroactively consider early parole sentences for non-violent, convicted offenders based on evaluations performed by the Alabama Department of Corrections ("DOC") and approved by the Board of Pardons, provided that such offenders had no prior Class A felony convictions. The Alabama Supreme Court recently held in *Kirby v. State,* 899 So.2d 968, 971-72 (Ala. 2004), that Alabama trial courts now have authority to consider prisoners' motions for reduction of sentence under that statute....

***

Under the [amended] Alabama Habitual Felony Offender Act ("AHFOA"), in all cases when it is shown that a criminal defendant has been previously convicted of any three felonies, none of which are Class A felonies, and after such convictions has committed another felony, which is a Class A felony, such defendant must be punished by imprisonment for life or life without the possibility of parole, in the discretion of the trial court. Ala. Code 1975 § 13A-5-9(c)(3). In 2001, the Alabama legislation adopted a statute which provided as follows:

The provisions of Section 13A-5-9 [including § 13A-5-9(c)(3), described above,] shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court.

Ala.Code 1975 § 13A-5-9.1.

***

[In *Kirby*], the Alabama Supreme Court held that "§ 13A-5-9.1 provides that an inmate may ask the sentencing judge or the presiding judge for relief from a previous sentence imposed pursuant to the [A]HFOA and provides that the court is to consider the evaluation of the DOC in considering the inmate's motion." *Kirby*, 899 So.2d at 971. The court further held that § 13A-5-9 "confers jurisdiction on the sentencing judge or the presiding judge by giving that judge the power to apply the provisions of §13A-5-9 retroactively to 'nonviolent convicted offenders'." *Id.* Thus, state trial judges have jurisdiction to consider an Alabama prisoner's motion to reconsider his sentence and the authority under the statute to determine whether the prisoner is a nonviolent offender based on factors brought before the judge in the record of the case and information submitted by the DOC and the Parole Board. *Id.* at 974.

2

*Curry v. Culliver*, 141 Fed.Appx. 832, 833-834 (11th Cir. 2005).

"Pursuant to § 13A-5-9.1, *supra*., petitioner filed a motion for reconsideration of sentence of life without parole (LWOP), to a sentence of life-imprisonment and the early-release on parole.... [On September 9, 2005,] [t]he Presiding Judge of the Coffee Circuit Court ... denied the § 13A-5-9.1 motion on the ground that 'The Defendant was convicted of a violent crime, i.e., Robbery First Degree, where one of the elements is being armed with a deadly weapon and in this case was a knife.  Therefore, this Court determines that the Defendant as a result of his conviction of Robbery First Degree is a violent offender.'" *Amended Petition for Writ of Habeas Corpus - Court Doc. No. 7 at 1-2.*

In the instant habeas action, Gay maintains he qualifies for a sentence reduction under the amendments to § 13A-5-9, and, therefore, the trial court improperly denied his motion for reconsideration of sentence filed pursuant to § 13A-5-9.1.  Upon review of the claims presented by Gay and in light of applicable federal law, the court concludes that Gay is not entitled to federal habeas relief.

## II.  DISCUSSION

This case is before the court on an application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 in which the petitioner complains that the state court's denial of his motion for reconsideration of sentence "deprived the petitioner of his right to liberty in violation of the Fourteenth Amendment's Due Process and Equal Protection Clauses." *Amended Petition for Writ of Habeas Corpus - Court Doc. No. 7 at 1.*  Specifically, Gay

argues that the trial court's denial of his motion "based solely on [his conviction for first degree robbery] constitutes an abuse of discretion, plain error as a matter of law[,] ... is arbitrary to the intent of the [Alabama] legislature in enacting § 13A-5-9.1, ... [as this statute] did not determine any offense(s) to be prohibited from obtaining relief under" the amended Habitual Felony Offender Act, and is contradictory to state case law.

## A.  Due Process

Under § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court **only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States**."  (emphasis added).  "'A state's interpretation of its own laws and rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.' *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir.1983) (citations omitted)."  *Curry*, 141 Fed.Appx. at 834.  Gay asserts that he has been denied due process by the state court's denial of his motion for reconsideration of sentence because "he is entitled to a sentence reduction under §§ 13A-5-9(c)(3) and 13A-5-9.1.  This is purely a question of state law, and, as such, provides no basis for federal habeas corpus relief.  *See Carrizales,* 699 F.2d at 1055."  *Curry*, 141 Fed.Appx. at 834.

## B.  Equal Protection

Gay makes the conclusory assertion that the presiding judge for the Circuit Court of Coffee County acted in violation of his equal protection rights in denying the motion for

reconsideration of sentence. Gay, however, presents no facts in support of this equal protection allegation. Thus, Gay is entitled to no relief from this court on such claim.

In order to set forth a claim cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (per curiam)." *Jones v. Ray*, 279 F.3d 944, 946-947 (11th Cir. 2001). Additionally, to succeed on an equal protection challenge, the petitioner must demonstrate the existence of discriminatory intent; arbitrary action without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause. *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988).

> [O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where an inmate challenges actions of a state court judge, exceptionally

clear proof of discrimination is required. *Cf. Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Moreover, mere differential treatment of convicted felons, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty*, *supra*.; *McKleskey v. Kemp*, 481 U.S. 279 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination).

Gay utterly and completely fails to meet his pleading burden as he does not contend that the state judge subjected him to adverse treatment based on some constitutionally impermissible reason nor has he identified any other similarly situated inmate who received more favorable treatment from the state court. In short, Gay sets forth no facts to support his allegation of an equal protection violation; rather, he simply makes the purely conclusory legal assertion that the denial of his motion for reconsideration of sentence deprived him of equal protection. This assertion fails to allege a viable equal protection claim.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.  The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Phillip Gay be DENIED.

2.  This case be dismissed with prejudice.

It is further

ORDERED that on or before July 29, 2008 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of July, 2008.

                    /s/    Wallace Capel, Jr.
                    WALLACE CAPEL
                    UNITED STATES MAGISTRATE JUDGE