IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PHILLIP GAY, #109431, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 1:07cv164-WHA |
| ) | |
| RALPH HOOKS, et al., ) | (WO) |
| ) | |
| Respondents. ) | |

**<u>ORDER</u>**

This case is before the court on Phillip Gay's Motion for Relief from Judgment (Doc. #19), pursuant to Rule 60(b)(4), (5), and (6), *Federal Rules of Civil Procedure*, in which he seeks relief from the order and judgment entered on September 8, 2008, denying him relief on his habeas corpus petition.

In his habeas petition, Gay challenged the Circuit Court of Coffee County's denial of his motion for reconsideration of the sentence imposed upon him in 1988 for a first degree robbery conviction. The petition was dismissed as the due process claim provided no basis for relief, because the issue presented regarding the decision to deny him a sentence reduction "is purely a question of state law...." *Curry v. Culliver*, 141 Fed. Appx. 832, 834 (11th Cir. 2005). In addition, Gay failed to present any evidence to support his speculative allegation of an equal protection violation by the trial judge. The dismissal of Gay's petition was affirmed by the Eleventh Circuit on appeal.

In the Rule 60(b) motion, Gay argues that various state cases require the state court to reconsider his sentence of life without parole and impose a sentence of life, as the state court's

prior denial of reconsideration based on robbery convictions imposed pre-1980 is improper because these prior convictions are not Class A felonies and, therefore, do not render him ineligible for a sentence reduction.  This argument is factually flawed, because the trial court did not rely on any prior convictions in denying Gay a reduction of his sentence; rather, the court reviewed the facts and circumstances underlying his current conviction for first degree robbery and deemed Gay a violent offender ineligible for relief from his sentence.  Moreover, as noted in the Recommendation adopted by this court, the decision to deny an inmate re-sentencing under the amendments to the Alabama Habitual Offender Act is one of state law and, as such, provides no basis for federal habeas relief.

The issues presented by Gay do not entitle him to habeas relief from this court, nor do they undermine the validity of the judgment previously entered in this case.  His Rule 60(b) motion is without merit, and it is hereby

ORDERED that the motion is DENIED.

DONE this 20th day April, 2011.

 /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE